JOHN MITCHELL, APPELLANT, *v.* EDWARD LANE, RESPONDENT.

*Ejectment — an assessment is void where the statutory powers are exceeded — former adjudication — when it will be disregarded — costs and extra allowance.*

In an action of ejectment the plaintiff claimed title under a deed to him, dated September 11, 1871, from certain commissioners, appointed under chapter 781 of the Laws of 1866, as amended by chapter 558 of the Laws of 1867, to open a drain in the town of Fishkill upon premises described in the act. It appeared that the commissioners opened the drain, and also built to the lands of the defendant a lateral ditch, which was not named in the act, and included in their assessment the cost of both. In January, 1871, the defendant took proceedings by *certiorari* to review the action of the commissioners, which was declared in such proceeding to be regular.

Subsequent to January 20, 1871, the commissioners sold the lands of the defendant for non-payment of the assessment laid for said drains.

*Held*, that the powers of the commissioners were purely statutory, and that they had exceeded them by including in their assessment the cost of the lateral ditch, and that the assessment was void and that a sale under it conveyed no title to the purchaser.

That the adjudication in the proceeding by *certiorari* must have proceeded upon some misconception of the facts, and the court would not consider itself bound thereby.

That as the defendant had received the benefit of the lateral ditch he should not be allowed costs or an extra allowance.

APPEAL by the plaintiff John Mitchell from a judgment, entered in the Dutchess county clerk's office on the 24th day of June, 1891, dismissing the complaint, with costs, after a trial before the court in Dutchess county; also from the findings and order in the action ordering judgment for the defendant, with costs and an extra allowance.

The action was ejectment. Commissioners to open, enlarge and straighten a drain in Fishkill were appointed by chapter 781 of the Laws of 1866, as amended by chapter 558 of the Laws of 1867, who completed their work on July 25, 1870; their assessment on August 16, 1870, and on December 8, 1870, filed their report. They gave notice to Lane, the defendant, that they would, on January 20, 1871, sell his lands for non-payment of the assessment. On January 19, 1871, he procured a writ of *certiorari* to review these proceedings. The commissioners made a return. The General Term of the second department, in July, 1891, declared the proceedings regular. The judgment on this decision was signed July 11, 1871. Between this date and September 11, 1871, the date of the deed by the commissioners to the plaintiff, a sale was made.

*H. H. Hustis*, for the appellant.

*Schlosser & Wood*, for the respondent.

DYKMAN, J.:

On the 24th day of April, 1866, the legislature of the State of New York passed a law appointing three commissioners who were named in the act, for the purpose of opening, enlarging and straightening a drain in the town of Fishkill, which was particularly described.

The commissioners executed the work and performed their duties specified in the law, and in addition thereto they cut and dug a lateral ditch, not specified in the law, and included the expense of both in the assessment which they made for such expense under the statute. The lands of the defendant were sold under the assessment and purchased by the plaintiff, who received a conveyance therefor from the commissioners, and now brings this action of ejectment for the recovery of the land. The powers conferred upon the drainage commissioners by the statute were qualified and special,

and it became necessary for the plaintiff, who claims title to the premises under a conveyance from them, to show that they had in all things followed the statute without exceeding or violating its provisions. They could take no power or authority by implication, and proof of their strict pursuit of the statute was an essential prerequisite to his recovery. Instead, however, of producing proof of strict observance of the statute, it appears that the commissioners exceeded their power and opened two ditches instead of one. The statute authorized them to open, enlarge and straighten one drain and they opened two, and included the expense of both in their assessment. Within well-settled rules of law the inclusion of the expense for the second ditch in the assessment levied by the commissioners vitiated the same and rendered it absolutely void. The assessment being thus void, the sale under it was a nullity and conferred no title upon the purchaser.

It appeared, from the record before us, that the proceedings of those commissioners were brought before the Supreme Court by *certiorari* for review in the year 1871, and that their proceedings were adjudged to be regular and valid, and that adjudication is now set up as conclusive and binding upon this court in this action. We think there was some misconception of the facts induced by the returns in that proceeding, for the decision is plainly erroneous, and we cannot follow or be led by it. There was an additional allowance to the defendant in this action of $100, which was excessive in any view, five per cent upon the highest amount claimed would amount to only twenty-nine dollars, but we think there should have been no allowance.

The defendant occupies quite an ungracious position. His land has received the benefit of the drainage, and we have no difficulty in finding that he induced the plaintiff to buy in the land for him and promised to repay him his bid.

The judgment should be modified by striking out the additional allowance of $100, and as so modified affirmed, without costs to either party on this appeal.

PRATT, J., concurred; BARNARD, P. J., not sitting.

Judgment modified by striking out extra allowance, and affirmed otherwise, without costs.